

**SIGNED THIS 10th day of January, 2019**

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE
DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 7** |
| STEVEN CONWAY CASSIDY, | |
|     Debtor. | Case No. 18-60196 |
| | |
| **PAT HANSON,** | |
|     Plaintiff, | |
| v. | Adv. P. No. 18-06010 |
| **STEVEN CONWAY CASSIDY,** | |
|     Defendant. | |

## MEMORANDUM OPINION

The matter before the Court is Pat Hanson's motion for summary judgment on her complaint to except her debt from Steven Conway Cassidy's discharge. For the following reasons, the Court grants the motion for summary judgment.

On February 2, 2018, Mr. Cassidy filed his chapter 7 petition in this Court. Two months later, Ms. Hanson initiated this adversary complaint seeking to have the debt owed to her declared non-dischargeable under 11 U.S.C. § 523(a)(6). Mr. Cassidy answered the complaint denying that the debt meets the elements of section 523(a)(6) to except it from discharge.

1

The Court issued a scheduling order setting deadlines for discovery and dispositive motions. ECF Doc. No. 10. Ms. Hanson timely filed a motion for summary judgment. ECF Doc. No. 14. Mr. Cassidy filed a response contesting summary judgment. ECF Doc. No. 17. Counsel for the parties argued their respective positions before the Court at a pretrial conference on November 28, 2018. After hearing the arguments, the Court took the motion for summary judgment under advisement.

The Court has considered the pleadings, exhibits, and arguments voiced at the hearing. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court makes the following findings of fact and conclusions of law.

*Jurisdiction*

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334. The plaintiff is a creditor in this bankruptcy case and the defendant is the debtor.

The Court has jurisdiction to hear and determine core proceedings, including motions for summary judgment, pursuant to 28 U.S.C. § 157(b), Federal Rule of Bankruptcy Procedure 7056, and the Western District of Virginia District Court General Order of Reference dated December 6, 1994. This is a core proceeding because it is a determination of dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I). Specifically, the matter is a request for summary judgment concerning the dischargeability of a state court judgment for assault and intentional infliction of emotional distress.

*Background*

The facts are largely uncontested. Ms. Hanson and Mr. Cassidy were neighboring landowners in Madison County, Virginia. The neighbors quarreled over a period of many months. Ultimately, in June 2008, Ms. Hanson filed suit in the Madison County Circuit Court seeking

$100,000.00 in damages from Mr. Cassidy. She pleaded three counts: Count I alleging assault, Count II alleging insulting and abusive words actionable under Virginia Code § 8.01-45, and Count III alleging intentional infliction of emotional distress.

The litigation lasted years. In 2016, Ms. Hanson filed a motion for summary judgment in the state court action. On September 28, 2016, the Madison County Circuit Court entered an agreed order ("the Circuit Court Consent Order") granting partial summary judgment against the defendant on Counts I and III.

The Circuit Court Consent Order provides that no material facts are genuinely in dispute as to Count I for assault and Count III for intentional infliction of emotional distress (IIED). Specifically, the Circuit Court Consent Order states:

> THE COURT CONCLUDES, upon the agreement of counsel, that there is no material fact genuinely in dispute as to the remaining counts in this case, Plaintiff's Count 1 Assault and Count 3 Intentional Infliction of Emotional Distress.

ECF Doc. No 14, Ex. 1 at 1. The Circuit Court Consent Order also references and incorporates paragraphs from the complaint. After entry of the order establishing liability, the Circuit Court scheduled the matter for a jury trial to determine damages.

In November 2017, the damage issue was tried before a jury. The jury awarded $500,000 in damages to Ms. Hanson. Because the amount of the jury verdict exceeded the amount requested in the complaint, the Circuit Court judge remitted the award to either $100,000 or $200,000. Before the Circuit Court entered an order on the damage amount, Mr. Cassidy filed his chapter 7 bankruptcy petition.[1]

*The adversary proceeding challenging dischargeability*

---

[1] The filing of the petition triggered a stay of the state court action; hence the state court judge has not entered an order to establish the amount of damages. 11 U.S.C. § 362(a). Also pending before this Court is a request to lift the automatic stay in order to permit the state court to enter an award for damages.

3

Not long after Mr. Cassidy filed his chapter 7 bankruptcy petition, Ms. Hanson filed a complaint to determine the dischargeability of her debt. In that proceeding, Ms. Hanson now asks this Court to grant summary judgment asserting that the debt is excepted from discharge under section 523(a)(6). Ms. Hanson contends that Mr. Cassidy is collaterally estopped from contesting facts from the state court complaint to the extent that they have been incorporated into the Circuit Court Consent Order, and from contesting that he is liable to Ms. Hanson for assault and IIED as those claims are defined by Virginia law.

Ms. Hanson points to the Circuit Court Consent Order. She stresses that it was entered with the consent of Mr. Cassidy's counsel, who is also representing him in this proceeding, and that it unequivocally states that no material facts are genuinely in dispute as to assault and IIED. Next, Ms. Hanson points out that the grounds to except a debt from discharge under section 523(a)(6) match the elements of the cause of action for assault and IIED under the facts incorporated into the Circuit Court Consent Order. For these reasons, Ms. Hanson argues that no material facts are genuinely in dispute as to the liability of Mr. Cassidy for assault and IIED or that the liability is excepted from discharge under section 523(a)(6).

Mr. Cassidy disagrees. Mr. Cassidy argues that although the state court issued an order on partial summary judgment regarding Count I (assault) and Count III (IIED), the state court did not issue a final order regarding damages on these counts so the matter was not fully litigated, or did not result in a final order. For these reasons, Mr. Cassidy contends that the doctrine of collateral estoppel does not apply. Mr. Cassidy also argues that the state court order did not address whether the action was "malicious." Consequently, Mr. Cassidy asserts that the question of whether the debt resulted from "malicious conduct intended to cause injury" was not litigated. Hence, Mr.

Cassidy maintains that this Court cannot grant judgment as a matter of law on the question of dischargeability of the debt.

*Summary judgment standard*

In determining whether to grant the plaintiff's motion for summary judgment, the Court must apply the summary judgment standard of review articulated by the Fourth Circuit:

> Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party. The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. To overcome a motion for summary judgment, however, the nonmoving party may not rely merely on allegations or denials in its own pleading but must set out specific facts showing a genuine issue for trial.

*News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (internal citations and quotations omitted) (summarizing Supreme Court precedent).

*Is summary judgment appropriate?*

Ms. Hanson alleges that her debt is non-dischargeable because it arose from Mr. Cassidy's willful and malicious injury to her, and that he is estopped from arguing otherwise. Under Bankruptcy Code section 523(a)(6), a debt is non-dischargeable in bankruptcy if it arose from a willful and malicious injury. 11 U.S.C. § 523(a)(6). The liability of Mr. Cassidy on the debt to Ms. Hanson is memorialized in the Circuit Court Consent Order. *See* 11 U.S.C. § 101(12). This order established that the debt arose from assault and IIED but did not establish the amount of monetary damages resulting from such conduct. Ms. Hanson argues that summary judgment is appropriate because the state court order memorialized that no material issues are genuinely in

dispute as to assault and IIED, and so in this proceeding, no material issues should be tried. In fact, the defendant is estopped from contesting any material issues.

*Is the defendant collaterally estopped from contesting the dischargeability of this debt?*

Ms. Hanson contends that the Circuit Court Consent Order should be given collateral estoppel effect as to the debtor's alleged willful and malicious conduct.[2] "Issue preclusion, or collateral estoppel, bars the 'successive litigation of an issue of fact or law litigated and resolved in a valid court determination essential to the prior judgment[.]'" *Data Mountain Solutions, Inc. v. Giordano (In re Giordano)*, 472 B.R. 313, 325 (Bankr. E.D. Va. 2012) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Collateral estoppel may apply in bankruptcy dischargeability cases. *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991). As the Fourth Circuit explains, in a dischargeability proceeding the bankruptcy court may use collateral estoppel to give preclusive effect to the state court judgment, after applying the concept using the rule from that forum.

> [T]he Supreme Court concluded explicitly that principles of collateral estoppel apply in dischargeability proceedings in bankruptcy. In determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel. . . . "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so[.]"

*Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)) (internal citations omitted).

In Virginia, five elements must be shown for collateral estoppel to apply: (1) the parties to the two proceedings must be the same; (2) the prior proceeding must have resulted in a valid final judgment against the party against whom preclusion is sought; (3) the factual issue to be precluded

---

[2] Finding that parties are collaterally estopped from litigating an issue is slightly different from finding that there are no material facts in issue. The two parties may not agree on a material fact, but if one party is entitled to collateral estoppel on that fact, then the other party may be precluded from contesting it.

must have been actually litigated in the prior action; (4) the factual issue to be precluded must have been essential to the prior judgment; and (5) the party invoking estoppel would have been bound had the prior litigation reached the opposite result (stated differently, mutuality is present). *See Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006) (quoting *TransDulles Ctr., Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996)).

*The parties to the proceedings must be the same*

Mr. Cassidy concedes that the first element of the doctrine of collateral estoppel is met. The parties to the two proceedings are the same. The parties here are Pat Hanson (the plaintiff) and Steven Cassidy (the defendant). The parties in the proceeding in Madison County Circuit Court were likewise Pat Hanson (the plaintiff) and Steven Cassidy (the defendant).

*The prior proceeding must have resulted in a valid final judgment*

Next, the prior proceeding must have resulted in a valid final judgment against Mr. Cassidy. Because the state court judge had not yet entered an order setting the amount of damages, Mr. Cassidy contends that the state court proceeding did not result in a valid final judgment against him. What Mr. Cassidy overlooks is the order in which the state court judge granted judgment as a matter of law against Mr. Cassidy on the issues of assault and IIED. The Circuit Court Consent Order settled the question of whether Ms. Hanson was granted judgment against Mr. Cassidy for assault and IIED, and it was not appealed. This Circuit Court Consent Order is a final order. The only unresolved question was the amount of monetary damages, not whether Mr. Cassidy committed intentional acts that met the elements of assault and IIED under Virginia law.

Mr. Cassidy suggests that the failure to obtain an order setting the amount of damages renders the Circuit Court Consent Order a non-final judgment. Yet Mr. Cassidy has not articulated how the state court proceeding to set damages renders the prior state court order establishing

liability non-final. Stated differently, Mr. Cassidy has not shown how he could have challenged the Circuit Court Consent Order establishing liability merely because the state court judge had not yet set an amount of money damages.

*The factual issue to be precluded must have been actually litigated in the prior action*

The third essential element of the doctrine of collateral estoppel requires the issue to be precluded from trial in the current action to have been "actually litigated" in the previous action. As to this element, Mr. Cassidy contends that a critical issue to dischargeability was not "actually litigated" in the prior action. Specifically, Mr. Cassidy denies that the state court litigation addressed whether his conduct was "malicious." For this reason, Mr. Cassidy insists that he is not estopped from challenging the dischargeability of the debt to Ms. Hanson.

Mr. Cassidy suggests that in the state court proceeding, the issue of whether his conduct was willful and malicious was not litigated because the complaint and the Circuit Court Consent Order did not state that his conduct was "extremely outrageous" or "shocks the conscience." Mr. Cassidy contends, without authority, that in order for his acts to be malicious for purposes of section 523(a)(6), the acts must be extremely outrageous or shock the conscience. *See* Resp. ¶ 1, ECF Doc. No. 17; Mem. in Opp'n ¶ 5, ECF Doc. No. 17-1. This Court disagrees.

Twenty years ago, the United States Supreme Court addressed the question of whether tortious conduct was "willful and malicious" for purposes of the exception to discharge. In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court held that for purposes of the exception to discharge in bankruptcy for debts based on willful and malicious acts, a court must find that the debtor intended to cause injury (not simply intended an act which happened to result in injury). The court must inquire "whether the debtor acted with 'substantial certainty [that] harm [would result] or a subjective motive to cause harm.'" *Parsons v. Parks (In re Parks)*, 91 F. App'x.

8

817, 819 (4th Cir. 2003) (per curium) (quoting *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998)). Contrary to Mr. Cassidy's suggestion, the Supreme Court did not hold that the exception to discharge for willful and malicious acts requires a court to find extremely outrageous conduct or such that shocks the conscience.

Willful and malicious conduct, for purposes of the bankruptcy exception to discharge, refers to acts causing injury without just cause or excuse. *Johnson v. Davis (In re Davis)*, 262 B.R. 663 (Bankr. E.D. Va. 2001). These malicious acts, as one bankruptcy court recently described, are "wrongful, intentional, and taken without justification or excuse." *WLC Enters., Inc. v. Rylant (In re Rylant)*, Adv. No 17-01090-T, 2018 WL 6443989, at *4 (Bankr. D.N.M. Dec. 7, 2018). This means simply that as long as the debtor acted voluntarily and intended to cause injury or intended an act that was reasonably certain to cause injury, then the act meets the definition of willful and malicious for purposes of Bankruptcy Code section 523(a)(6). The definition does not limit the acts to those which are extremely outrageous or which shock the conscience, nor does it require the actor to hold subjective ill will toward the victim. *See Davis*, 262 B.R. at 670. Therefore, for this third element to be met, the state court action must have addressed liability for either conduct that was intended to cause injury or intended conduct reasonably certain to cause injury.

The Circuit Court Consent Order granted judgment as a matter of law against Mr. Cassidy for assault and IIED. Under Virginia law, the tort of assault requires an overt act committed "with the 'inten[t] to place the victim in fear or apprehension of bodily harm' where the act 'creates such reasonable fear or apprehension in the victim.'" *Clark v. Virginia*, 676 S.E.2d 332, 337 (Va. Ct. App. 2009), *aff'd*, 691 S.E.2d 786 (2010) (quoting *Carter v. Virginia*, 606 S.E.2d 839, 841 (Va. 2005)). The Circuit Court Consent Order granted judgment as a matter of law acknowledging no material fact genuinely in dispute that Mr. Cassidy assaulted Ms. Hanson, or, in other words, that

Mr. Cassidy "intended to place [Ms. Hanson] in fear or apprehension of bodily harm," or created in her "reasonable fear or apprehension." These terms could hardly be more consistent with the case law definition of "willful and malicious" conduct for purposes of section 523(a)(6) ("intend to place the person in fear of bodily harm" compared with "intent to injure or intend an act reasonably certain to injure"). For these reasons, this Court concludes that the factual issue of "maliciousness" was addressed in the state court litigation.[3]

In addition, Mr. Cassidy argues that the factual issues were not "actually litigated" in part because the Circuit Court Consent Order is a consent order. Case law under Virginia law clarifies that "actually litigated" is not to be so narrowly construed. For example, the Supreme Court of Virginia held that "Virginia law does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment." *TransDulles*, 472 S.E.2d at 276; *see also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 20 (4th Cir. 1997) (noting that active participation in the discovery phase of the litigation attests the matter was "actually litigated"). This Court concludes that a consent order may satisfy the "actually litigated" aspect of the third element of collateral estoppel. Both Mr. Cassidy and Ms. Hanson actively participated in the state court

---

[3] Because the Virginia law elements of the tort of assault parallel the elements of Bankruptcy Code section 523(a)(6), the Court need not decide in this adversary proceeding whether the Virginia law elements of IIED do as well. Based on a review of the pleadings and statements made at the hearing, particularly the Circuit Court Consent Order, it appears to the Court that the amount of damages to be determined by the state court will be an indivisible lump amount for both the assault and the IIED counts. That is, the state court will issue one award of damages for the actions of Mr. Cassidy against Ms. Hanson and not one amount for assault and a separate amount for IIED. Since that full amount will thus be fully attributable to both the assault and IIED counts, the Court may end its analysis with assault and need not address the IIED elements under state law and how they fit into the section 523(a)(6) analysis. The Court notes, however, that a successful cause of action for IIED, despite its name, does not necessarily implicate intentional conduct. Under Virginia law, IIED comprises four elements: "1) the wrongdoer's conduct was ***intentional or reckless***; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007) (emphasis added). Because liability for IIED could be based on reckless but not intentional conduct, then should the state court divide damage awards and allocate separate amounts attributable to the assault and IIED counts, then in such event, the defendant may not be collaterally estopped from challenging the dischargeability of the separate IIED damage award (to the extent it is a distinct, separate, additional award apart from the award related to assault).

10

litigation and engaged in the creation of the consent order. The Court finds that this activity has the effect of rendering the factual issues contained in the Circuit Court Consent Order "actually litigated."

*The factual issue to be precluded must have been essential to the prior judgment*

The fourth factor necessary for collateral estoppel requires that the factual issue to be precluded must have been essential to the judgment in the prior action. The state court judgment is for assault. As described above, the Virginia tort law of assault requires a finding of intent to cause fear of bodily harm. As such, without this requisite intent, a Virginia court would not enter a judgment for assault. Logically, the issue of Mr. Cassidy's intent to place Ms. Hanson in fear of bodily harm was essential to the state court judgment order for assault. This Court finds that the factual issue of Mr. Cassidy's intent to cause fear of bodily injury is so closely connected with the factual issue of Mr. Cassidy's intent to cause injury or intent to perform an act which could reasonably have caused injury that the latter issue is precluded from litigation in this proceeding. Thus, the factual issue of Mr. Cassidy's intent to cause injury is precluded by the Circuit Court Consent Order.

*Mutuality is present*

The final consideration for permitting collateral estoppel of an issue requires that the party invoking estoppel would have been bound had the prior litigation reached the opposite result (that is, mutuality is present). In this case, the defendant concedes that mutuality is present.

*Conclusion*

Putting it all together, in this proceeding, the Circuit Court Consent Order is final as to liability (not the monetary amount, but the existence of the debt). It is undisputed that the basis for the debt is assault and IIED. The Virginia law elements for assault line up with the elements

11

of the bankruptcy exception to discharge under section 523(a)(6). Considering the requirements for collateral estoppel, and applying the factors to this case, this Court concludes the defendant is estopped from challenging the dischargeability of the debt.

This means that there is nothing for the bankruptcy court to find or decide: the elements of section 523(a)(6) are present in the state court order. The defendant is precluded from contesting these facts in this bankruptcy proceeding. As such, there is no genuine issue as to any material fact. Accordingly, it is appropriate to grant judgment as a matter of law to the plaintiff.

The Court therefore grants Ms. Hanson's motion for summary judgment. The Court will issue a separate order based on the conclusions in this opinion.

A copy of this Memorandum Opinion shall be provided to counsel for Pat Hanson and counsel for Steven Cassidy.